**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

BOBBY ANN QUINLAN; and
FREDERICK ELLSWORTH QUINLAN,

      Plaintiffs,

v.                                        Case No. 6:15-cv-209-Orl-37GJK

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

      Defendant.

## ORDER

This cause is before the Court on Plaintiffs' Motion for Leave to Seal Exhibits (Reports of Expert Witnesses) and for an Order Directing Clerk to Seal Exhibits (Doc. 33), filed April 29, 2016.

Plaintiffs move for leave to file under seal three exhibits to their pending *Daubert* Motion (Doc. 30), specifically reports of contested expert witnesses ("**Reports**"). (Doc. 33 ("**Motion**").) Upon consideration, the Court finds that the Motion is due to be denied, as Plaintiffs did not sufficiently describe the confidential nature of the Reports.

A party seeking to file documents under seal in the Middle District of Florida must first comply with the procedural requirements set forth in the Local Rules. The party must file a motion to seal that identifies and describes each item proposed for sealing. Local Rule 1.09(a). The motion should include: (1) the reason that filing each item is necessary; (2) the reason that sealing each item is necessary; (3) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (4) the proposed duration of the seal; and (5) a memorandum of

legal authority supporting the seal. *Id.*

In addition to determining whether the party has complied with Rule 1.09(a), the Court must consider the "common law right" of the public to "inspect and copy judicial records and public documents." *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 355 (11th Cir. 1987) (per curiam) (citations omitted). A party may overcome the "common law right of access" if it is able to show that good cause exists. *MEDAI, Inc. v. Quantros, Inc.*, No. 6:12-cv-840-Orl-37GJK, 2012 WL 2512007, at *2 (M.D. Fla. June 29, 2012); *Romero v. Drummond Co.*, 480 F.3d 1234, 1245 (11th Cir. 2007). To determine whether a party has met this burden, the Court must balance the public's right of access against the party's interest in keeping the information confidential. *Romero*, 480 F.3d at 1246. In balancing these interests,

> courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.

*Id.* (citations omitted).

Plaintiffs contend that the Reports contain Plaintiffs' confidential information. (Doc. 33, p. 2.) This is insufficient. Pursuant to Local Rule 1.09(a), the Court requires a more complete description of the confidential nature of the Reports to justify a seal. *See, e.g.*, *Bovie Med. Corp. v. Livneh*, No. 8:10-cv-1527-T-24EAJ, 2010 WL 4117635, at *2–3 (M.D. Fla. Oct. 19, 2010) (denying a request to seal and noting that a moving party does not satisfy its burden of outweighing the public's right of access when it simply marks its records as "confidential" or "proprietary" but does not identify the sensitive nature of the documents). Indeed, Plaintiffs concede that "[t]he Court has not yet determined whether

said information is confidential, privileged, and protected from use by any party." (Doc. 33, p. 2.) Thus, Plaintiffs' vague description of the Reports as "confidential" is inadequate to warrant the relief sought.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Leave to Seal Exhibits (Reports of Expert Witnesses) and for an Order Directing Clerk to Seal Exhibits (Doc. 33) is **DENIED** without prejudice. On or before Wednesday, **May 4, 2016**, Plaintiffs may refile a motion to seal that sufficiently specifies the confidential nature of the Reports and is otherwise compliant with Local Rule 1.09.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 2, 2016.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record